## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 24-cr-03 (PJS/ECW) |
| v. | **ORDER AND**<br>**REPORT & RECOMMENDATION** |
| Shaninth Michael Ray, | |
| Defendant. | |

This matter is before the Court on Defendant Shaninth Michael Ray's Motion for Discovery (Dkt. 17) and Motion to Dismiss (Dkt. 18). This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.      BACKGROUND

Ray is charged by Indictment with a count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Dkt. 11.) The Indictment alleges that Ray knowingly possessed a firearm on or about October 4, 2023 and has at least four qualifying convictions involving domestic abuse or violation of a domestic abuse no contact order, and one conviction for issuing a dishonored check. (*Id*. at 1-2.) Ray seeks relief by way of his Motion for Discovery (Dkt. 17) and Motion to Dismiss (Dkt. 18). The Government filed an Omnibus Response to Defendant's Pretrial Motions (Dkt. 21) and the Court scheduled a motion hearing for March 27, 2024 (Dkt. 19). However, the parties agreed that the Court could issue an Order based on the paper submissions and the

Court cancelled the motion hearing.  (Dkt. 23.)  The Court now addresses Ray's Motions below.

## II.     MOTION FOR DISCOVERY

Ray's Motion for Discovery acknowledges that the Court has already ordered the Government to make all disclosures required by Federal Rule of Criminal Procedure 16(a) (*see* Dkt. 13 ¶ 5) but seeks supplemental disclosures, including "disclosure of surveillance video recordings from the WalMart parking lot in Austin, Minnesota from the date and time of his arrest on October 4, 2023, in the Government's control or possession now or in the future" (Dkt. 17 at 1).  In the Government's March 19, 2024 response, the Government stated that it had confirmed the existence of the surveillance video and that it was in the process of obtaining it.  (Dkt. 21 at 1.)  The Government expected to have the requested video delivered to Ray by March 27, 2024.  (*Id*.)  Because the Government should have produced the video as of the date of this Order, the Court denies this aspect of the Motion for Discovery as moot as there is no longer any effective relief available that the Court could grant.  *See United States v. Abdul-Ahad*, No. CR 08-142 (DSD/SRN), 2008 WL 11411880, at *3 (D. Minn. Oct. 27, 2008) (denying discovery motions as moot where "[t]he Government responds that it has produced all [the requested] material and will produce additional information as it is received."); *United States v. Solomon*, No. 23-CR-156 (SRN/TNL), 2024 WL 398552, at *6 (D. Minn. Feb. 2, 2024), *aff'd as modified sub nom. United States v. Andrew Calvin Noble*, No. 23CR15605 (SRNTNL), 2024 WL 1366540 (D. Minn. Apr. 1, 2024)  ("To the extent Defendants seek . . . materials that have already been produced, . . . their motions are

2

denied.").  If the Government has not yet produced the surveillance video, Ray may renew his Motion for Discovery.

### III.    MOTION TO DISMISS

Ray seeks dismissal of the Indictment on the grounds that the charging statute—Felon in Possession of a Firearm, 18 U.S.C. § 922 (g)(1)—is unconstitutional both facially and as applied to him in violation of the Second Amendment because of "cases pending before the United States Supreme Court that may affect the application of § 922 (g)(1) broadly and challenge the statute on the whole."  (Dkt. 18 at 1.)  The Government opposes dismissal because the Eighth Circuit has already rejected this argument.  (Dkt. 21 at 1-2.)

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms shall not be infringed."  U.S. Const. amend. II.  The Supreme Court in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) adopted the following test for determining whether a government regulation of firearms is permissible:

> [W]e hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."
> 142 S. Ct. at 2126 (footnote omitted) (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50 n.10 (1961)).

142 S. Ct. at 2126.

Since *Bruen*, courts outside of the Eighth Circuit have narrowed the reach of § 922(g)(1) to exclude non-violent felons or otherwise found § 922(g) unconstitutional as applied. *See*, *e.g.*, *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc) (finding § 922(g)(1) unconstitutional as applied to non-violent felons); *United States v. Rahimi*, 61 F.4th 443, 460-61 (5th Cir. 2023) (finding § 922(g)(8) unconstitutional). In *Range*, the case Ray relies on, there is a petition for a writ of certiorari pending before the U.S. Supreme Court. The underlying conviction in *Range* was a felony-equivalent conviction for making a false statement to obtain food stamp assistance. *Range*, 69 F.4th at 98. Ray acknowledges that the convictions underlying his felon status—domestic abuse and violating domestic abuse no contact orders—are different. (Dkt. 18 at 1.) However, he argues that if the Supreme Court reviews *Range*, it "could obliterate the entire felon in possession statute depending on how far-reaching the decision is drafted. In that situation, Ray could challenge the statute on its face." (*Id.* at 1-2.)

Ray continues that the language of the Second Amendment and current Supreme Court precedent provide that he is protected by the Second Amendment because it is "appli[cable] to all people without conditions." (*Id.* at 2.) In the alternative, Ray argues that the "statute should not be applied to him because his prior convictions are all more than five years old and he was rehabilitated." (*Id.* at 2.)

However, in *United States v. Jackson*, the Eighth Circuit addressed the constitutionality of § 922 (g)(1) post-*Bruen*, finding that "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms," and concluding that "Congress acted within the historical tradition when it

4

enacted § 922(g)(1) and the prohibition on possession of firearms by felons." 69 F.4th

495, 505 (8th Cir. 2023). For this reason, the Eighth Circuit affirmed the denial of a

motion to dismiss an indictment based on the argument that § 922(g)(1) was

unconstitutional as applied to the defendant "because his drug offenses were 'non-

violent' and do not show that he is more dangerous than the typical law-abiding citizen."[1]

*Id.* at 501-05. The *Jackson* court stated, "we conclude that there is no need for felony-by-

felony litigation regarding the constitutionality of § 922(g)(1)." *Id*. at 502. The Eighth

Circuit has denied a petition for *en banc* rehearing and for panel rehearing of *Jackson*.

*See United States v. Jackson*, No. 22-2870, 2023 WL 5605618, at *1 (8th Cir. Aug. 30,

2023).

      The Eighth Circuit has also rejected a defendant's as-applied challenge asserting

entitlement to possess a firearm under the Second Amendment notwithstanding his past

felony convictions because neither of his felonies qualified as "violent," finding it

"foreclosed" by *Jackson* "where we concluded that there is no need for felony-by-felony

determinations regarding the constitutionality of § 922(g)(1) as applied to a particular

defendant." *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023).

      This "District Court . . . is bound . . . to apply the precedent of this Circuit." *Hood

v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (citation omitted). Both *Jackson* and

*Cunningham* were decided post-*Bruen* and are dispositive of Ray's challenge to the

constitutionality of § 922(g)(1). For these reasons, based on current Eighth Circuit

---

[1]     Ray does not argue that all of his underlying convictions are non-violent in nature.

5

precedent, the Court recommends denial of Ray's Second Amendment-based Motion to Dismiss.

## IV.    ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Shaninth Michael Ray's Motion for Discovery (Dkt. 17) is **DENIED** as moot.

## V.    RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Defendant Shaninth Michael Ray's Motion to Dismiss (Dkt. 18) be **DENIED**.

Dated:        April 25, 2024                      _s/Elizabeth Cowan Wright_
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).