# UNITED STATES OF AMERICA
# DISTRICT OF MINNESOTA

___

| | |
|---|---|
| UNITED STATES OF AMERICA, | Court File No. 24-cr-003 (PJS/ECW) |
| Plaintiff, | |
| v. | **DEFENDANT'S POSITION ON SENTENCING** |
| SHANINTH MICHAEL RAY, | |
| Defendant. | |

___

The Defendant, Shaninth Ray, by and through his attorney, submits the following Position on Sentencing. Mr. Ray respectfully requests a variance from the guideline range to a sentence in the range of 21-27 months for the reasons set forth herein.

Ray is currently detained at the Sherburne County Jail. He has been held there since December 7, 2023. Ray is in federal custody pursuant to a writ of habeas corpus from a pending Minnesota state case. He also has a pending case in the Northern District of Iowa for cyberstalking based on allegations Ray argues are related, bit should not be considered relevant conduct.

## BACKGROUND

Shaninth Ray entered a straight plea to the sole count of felon in possession of a firearm on November 4, 2024. In his plea colloquy, Ray admitted to possessing a .22-caliber Taurus revolver on October 4, 2023 after being convicted of a felony offense that prohibits him from possessing firearms, and that the firearm traveled through interstate commerce to eventually reach Minnesota. Paragraphs 7 through 11 of the PSR reference

underlying allegations of threats and violations of a protection order involving a former acquaintance in Iowa. These allegations in Iowa resulted in an arrest warrant that was executed on October 4, 2023 in Austin, Minnesota.

Ray was arrested in the Wal-Mart parking lot in Austin. He was there with a friend and one of his children. He was traveling in a vehicle that belonged to the friend. Officers searched the vehicle following Ray's arrest and located the Taurus revolver in a duffle bag belonging to Ray. In a *Mirandized* statement to investigators, Ray made admissions regarding possession of the firearm.

Initially, Ray was charged in Minnesota state court with possessing the firearm. He was also facing charges in Iowa state court. The US Attorney filed a Complaint on December 4, 2023 charging Ray with unlawfully possessing the firearm and obtained his presence in federal court with a writ. He made his initial appearance in federal court on December 7, 2023. The Iowa state court charges are now dismissed and Counsel expects the Minnesota state case to be dismissed based on Ray's federal conviction.

The underlying allegations from Iowa concerning threats made to a former girlfriend permeated this case from the start. Since Ray is now charged in federal court with cyberstalking in Iowa, he seeks to address those allegations in that arena. Yet, Ray come before the Court acknowledging his mistakes and remorseful for past conduct. He has gained a remarkable self awareness about how he has acted towards others in past relationships and he shows a genuine desire for change. Ray exudes positivity about his future and he actively seeks out information about how to live a better life.

The future didn't always seem so positive for Ray. His childhood was described as rough and chaotic. His family's housing was unstable with frequent moves due to evictions. This caused Ray to never feel settled in one place or safe. Records show at least two occasions when Ray lived in shelters with his mother and siblings. This is traumatic and likely conditioned him to be in fight or flight mode at all times. What is remarkable about this now is how Ray can see the ways in which his childhood affected his adult relationships. He didn't come by these realizations alone. Since he was incarcerated in Sherburne County, Ray has engaged in programming to better himself. It is working. He doesn't engage in blame shifting or justification for behavior he can now recognize as problematic.

The issues Ray faced as a child and then as a young man took a toll on him. He reported instances of sexual abuse in the form of older friends of siblings engaging in sexual activity with him when he was only 11 years old. Over time, Ray felt like an outcast from his family and there were several instances of heated disputes within his family. He retreated into himself and became a loner. He scored a 9 on the ACEs inventory, which indicates high risk of stress leading to mental health issues later in life. Not surprisingly, Ray reported depression and anxiety issues in adulthood.

Not all aspects of Ray's childhood were bad, though. Ray lived with an uncle for about five years until he was 17 years old. He credits his uncle with showing him the value of education and hard work. Ray obtained his GED and attended community college for an associate's degree in business management. He obtained a real estate license in

Nevada, OSHA certifications, and he started a trucking business. Ray can be a successful goal-oriented person.

## ARGUMENT

Ray asks the Court to consider his objections to the PSR and his position regarding a variance from the guidelines. He requests a sentence of 21 months.

## OBJECTIONS TO THE PSR

Ray lodged several objections in response to the PSR focused mainly on the 4 level increase for possessing the firearm in connection with another felony offense pursuant to §2K2.1 (b)(6)(B) and his criminal history. The objection to paragraphs 5 through 9 are based on Ray's position these facts are not relevant to the instant matter and are the subject of a separate federal prosecution. He acknowledges the fact he is accused of wrongdoing in Iowa, but not the facts supporting the claim.

The PSR recommends a 4 level increase because Ray is accused of making threats to a person in Iowa, some of which allegedly involved the firearm that was recovered in the instant matter. The alleged threats were believed to violate protection orders in Iowa. Ray asks the Court not to include this enhancement because he was not convicted of the alleged threats and he has not admitted facts supporting the allegations. He argues unproven allegations like these should not be considered relevant conduct. The Government cannot prove the facts of a criminal charge by a preponderance of the evidence just because those facts are alleged in a criminal complaint or Indictment. In applying §2K2.1(b)(6)(B), when the defendant has not been convicted of another state or federal felony offense, "the district court must find by a preponderance of the evidence

that another felony offense was committed, and that use or possession of the firearm facilitated that other felony." *United States v. Bailey*, 85 F.4th 891, 894 (8th Cir. 2023).

In order for the enhancement to apply, the Court must determine if the firearm Ray possessed actually facilitated, or had the potential of facilitating, a threat or violation of a protective order. *see* §2K2.1, Application Note 14 (A). Ray argues any threatening message to the alleged victim was not facilitated by a firearm. It is the means in which a threat is communicated that makes an action easy or easier.[1] A person does not require a firearm to threaten violence, even if it can be argued that possession of a firearm makes an alleged threat more worrisome. In the instant matter, there is no indication Ray was anywhere near the alleged victim in August, 2023 when she reportedly received a video message that showed a firearm. And, not all messages received by the alleged victim showed possession of a firearm even if there were apparently implied or direct threats of gun violence.

Ray further argues since he is now charged in the Northern District of Iowa with the separate offense of cyberstalking based on the same alleged facts used to support the 4 level enhancement, he is in danger of being punished twice for the same alleged conduct. It is possible Ray could be acquitted of cyberstalking, or successfully argue for dismissal. But it is just as likely he could be convicted of the offense. In that case, the applicable guidelines provide for specific offense characteristics that could increase a potential sentence for the same conduct Ray faces in the instant matter. He respectfully asks the Court to sustain his objection and not count the 4 level enhancement.

---

[1] facilitate, *verb*, make (an action or process) easy or easier. dictionary.com

Ray's objections regarding his criminal history score present a different issue. The Court must accept all of Ray's objections in order for a reduction in his score to make a difference in his criminal history category. Ray acknowledges the existence of his criminal history, but expresses disappointment in his past hasty decisions to resolve state cases.

In the event the Court, at a minimum, does not apply the 4 level enhancement, then the potential advisory guideline range could be 27-33 months in criminal history category VI.

## §3553 FACTORS AND VARIANCE REQUEST

Ray seeks a variance from whatever guideline range the Court determines to no more than 21 months. He argues the sentencing factors in 18 U.S.C. §3553 (a) support his position. A sentence of 21 months is sufficient, but not greater than necessary to accomplish the goals of federal sentencing. The well-known sentencing methodology is as follows:

> The district court should begin "by correctly calculating the applicable Guidelines range." "[T]he Guidelines should be the starting point and the initial benchmark, but the Guidelines are not the only consideration." The district judge should allow "both parties an opportunity to argue for whatever sentence they deem appropriate," and then should consider all of the §3553 (a) factors to determine whether they support the sentence requested by a party."
> *United States v. Hill*, 552 F.3d 686, 691 (8th Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 49-50, 128 S.Ct. 586 (2007)).

The courts should "engage in the three-step process of first ascertaining the applicable Guidelines range, then considering any permissible departures within the Guidelines's structure, and finally, deciding whether a non-Guidelines sentence would be more appropriate under the circumstances pursuant to §3553 (a). *United States v.*

*Washington*, 515 F.3d 861, 866 (8th Cir. 2008). In the instant matter, Ray argues the advisory guideline range he proposes is appropriate.

If the Court adopts the PSR recommendation, then he still argues the sentence should be 21 months. A district court has an independent obligation to exercise its discretion to craft a sentence that is sufficient, but not greater than necessary, to achieve the goals of §3553 (a). *Freeman v. United States*, 564 U.S. 522 , 131 S.Ct. 2685, 2692 (2011). This restatement from *Gall,* goes on to state: "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, at 52. Ray has undergone genuine change during his incarceration and he argues his time in Sherburne County since December, 2023 fostered a newfound respect for the law through a better understanding of his mistakes.

Despite the criminal history in this case and the allegations about threatening behavior, Ray presents as a much more gentle person than expected. There is no history of involvement with firearms prior to the instant matter. Throughout this case, Ray has never shown even a flash of anger or resentment while confronting sensitive aspects of his case. Ray's friend, who was present with him when he was arrested, informs Counsel she has never felt unsafe around him. In fact, in recent time, Ray tends to isolate when he feels agitated or upset. Perhaps the relationship with the alleged victim in Iowa can be explained as a toxic relationship that drew out Ray's worst behavior or it was something

else. Either way, Ray is ashamed of what is set forth in the reports. He is constantly reminded of his own children and how he would not want them treated poorly.

Ray has always been a provider. He works hard and he seeks the ability to start fresh with a new line of work upon his release. Ray wants to care for his children and loved ones in a meaningful way. He has concrete plans for what he will do upon release that include working in North Dakota in the oil industry. Ray claims he has employment waiting for him. He may restart his trucking business at some point as well.

As indicated in the PSR, the only reason Ray obtained the firearm in this case was for protection while on the road. He realizes this is no excuse because he was prohibited. He denies obtaining a firearm to commit crime and he really never felt comfortable with firearms. Ray expresses a commitment to staying away from firearms for the rest of his life.

Ray's incarceration in Sherburne County has not been easy even though he used his time wisely by attending classes. He completed DBT and CBT programs in addition to parenting and life skills classes. As the Court well knows, life inside the Sherburne County jail is often very difficult. He does not have outside time and access to medical care is hit or miss. He asks the Court to consider this as hard time based on the length of time he's been there.

This also raises another issue for the Court to consider. Ray is in federal custody on a writ from state court and not accruing federal custody credit. Counsel expects the Mower County case that remains open will be dismissed either prior to or shortly after sentencing. That case is only a gross misdemeanor anyway, which means he has more

than enough jail credit to fully satisfy a sentence. He is giving away the only thing he has left: his time. Ray respectfully asks the Court to consider his length of incarceration as a grounds for variance in light of his custodial situation.

A sentence of 21 months promotes respect for the law by recognizing Ray's lengthy time in detention and his efforts at rehabilitation while also requiring additional sanction. Ray has shown he is deterred from committing further criminal acts by his conduct in custody staying away from trouble. And, while the nature and circumstances of this offense are serious, Ray fully accepted responsibility for possessing the firearm. He can not address the other allegations now while facing an Indictment in Iowa.

Ray respectfully requests the Court to sentence him to 21 months in prison for the reasons set forth herein.

                                     Law Office of Robert A. Lengeling, PLLC

Date:__February 20, 2025_____          By _____*s/ Robert A. Lengeling*_____
                                                             MN ID# 304165
                                                              310 Fourth Ave S, Suite 1050
                                                              Minneapolis, Minnesota 55415
                                                              (612) 963-1555 / (612) 333-8003 fax
                                                              robert@lengelinglaw.com
                                                              ATTORNEY FOR DEFENDANT